UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BARBARA LYNN CATALANO,

Plaintiff,

v. Case No. 6:25-cv-2198-CAB

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**ORDER**

This cause comes before the Court on Plaintiff Barbara Catalano's appeal of an administrative decision denying her claim for disability insurance benefits ("DIB"). (Doc. 1). Upon review of the record, including the transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the ALJ's decision in Plaintiff's case, and the pleadings and memoranda submitted by both parties, the Court reverses the decision of the Commissioner of the Social Security Administration (the "Commissioner"), pursuant to sentence four of 42 U.S.C. § 405(g), and remands the case for further proceedings that are consistent with the findings of this Order.

## I. Background

Plaintiff is the former manager of a business named "Fun City Entertainment, Inc." (Tr. 47–48). On April 9, 2022, Plaintiff filed a claim for DIB, alleging a disability onset date of January 1, 2022, predicated upon an "auto immune disease, chronic

severe ulcerative colitis, depression, hemorrhoids, cataracts, chronic cough and mouth ulcers." (Tr. 82; 94; 192–96). Plaintiff further represents in her brief that she has suffered from various ailments over the past several years, including frequent lower abdominal pain, rectal bleeding, constipation, and chronic diarrhea, with such ailments beginning sometime in 2021 or 2022. (Doc. 13 at 2–12).

The Social Security Administration (the "SSA") denied Plaintiff's DIB application on April 17, 2023, finding that, although Plaintiff's conditions "result[ed] in some limitations in [her] ability to perform work related activities," they were "not severe enough to keep [her] from working." (Tr. 79–82). Plaintiff filed a Request for Reconsideration of the SSA's decision in her case on May 26, 2023. (Tr. 90). Several months later, on June 12, 2024, Plaintiff's Request for Reconsideration was denied by the SSA. (Tr. 92–94).

Plaintiff next requested that an administrative hearing be held before an ALJ; this hearing was subsequently conducted on November 14, 2024. (Tr. 43–61; 132). Ultimately, in a written opinion issued on December 27, 2024, the ALJ denied Plaintiff's DIB application. (Tr. 28–36). Plaintiff filed an additional Request for Review of the ALJ's decision in her case with the Appeals Council, which denied Plaintiff's request on September 19, 2025, (Tr. 1–6), rendering the ALJ's decision the Commissioner's final decision in Plaintiff's case. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Pertinently, the Appeals Council acknowledged receipt of a "treating source opinion from George Christophi, MD," which Plaintiff contended constituted new and material evidence supporting her DIB application. (Tr. 2). The

Appeals Council nevertheless determined that this new evidence "d[id] not show a reasonable probability that it would change the outcome of the [ALJ's] decision." (*Id.*). On November 17, 2025, Plaintiff filed the present action seeking judicial review of her case. (*See* Doc. 1). Plaintiff has exhausted her available administrative remedies, and the case is properly before the Court.

**II. The ALJ's Decision**

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. § 1520(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently working at a substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work available in significant numbers in the national economy. *See Wright v. Comm'r of Soc. Sec.,* No. 24-11084, 2026 WL 1481204, at *1 (11th Cir. May 27, 2026); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *but see* 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step.").

In the present case, the ALJ performed the sequential analysis through step four. (Tr. 30–35). At step one, the ALJ found that Plaintiff had "not been engaged in substantial gainful activity since January 1, 2022, the alleged onset date . . . ." (Tr. 30).

At step two, the ALJ determined that Plaintiff had the severe impairment of ulcerative colitis. (*Id.*). At step three, the ALJ made a finding that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 . . . ." (Tr. 31).

Before proceeding to step four, the ALJ concluded that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), with several exceptions:

> [Plaintiff] cannot climb ropes and scaffolds, can occasionally climb ladders, kneel, crouch, and crawl, frequently climbing ramps and stairs, balancing, and stooping, no operating motor vehicles and no work at unprotected heights, and may only have occasional exposure to extreme temperatures.

At step four, the ALJ determined that Plaintiff was "capable of performing past relevant work," specifically encompassing work conducted in her previous position as a "general manager," which the ALJ further determined would "not require the performance of work-related activities precluded by [Plaintiff's RFC] . . . ." (Tr. 35). The ALJ accordingly ruled that Plaintiff had "not been under a disability, as defined in the Social Security Act, from January 1, 2022, through the date of [the ALJ's] decision . . . ." (Tr. 36).

## III. Standard

Where, as here, "the ALJ denies benefits and the [Appeals Council subsequently] denies review, we review the ALJ's decision as the Commissioner's final

decision." *Doughty*, 245 F.3d at 1278. This Court's authority to conduct judicial review of the Commissioner's determinations is derived from 42 U.S.C. § 405(g). Under this provision, a finding of fact made by the Commissioner is "conclusive" so long as it is "supported by substantial evidence." § 405(g). "Substantial evidence is defined as more than a scintilla." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam). It encompasses "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Thus, in conducting its review, this Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment" for that of the Commissioner's. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)); *see also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."). Further, the Court must consider the record "as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). Finally, the Court reviews the Commissioner's legal conclusions *de novo*. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam).

## IV. Discussion

In appealing the ALJ's decision, Plaintiff contends that the Appeals Council erred in determining that there was "no reasonable possibility" that the purportedly

new and material evidence she submitted in connection with her DIB application could have changed the outcome of the ALJ's ruling. (Doc. 13 at 13–14). More specifically, Plaintiff contends that she submitted to the Appeals Council "an Ulcerative Colitis Medical Source Statement [that her] attorney sent to [Plaintiff's] treating gastroenterologist George Christophi, M.D. to clarify Plaintiff's limitations," the contents of which Plaintiff asserts "contradict[ ] the [ALJ's] residual functional assessment for light work." (*Id.* at 14–16). Plaintiff therefore "requests that this [C]ourt issue an order" remanding her case for a supplemental hearing. (*Id.* at 20). For the reasons that follow, the Court finds that a remand is required here.

"Generally speaking, a [social security] claimant may present new evidence at each stage of the administrative process, including before the Appeals Council." *Sanders v. Soc. Sec. Admin., Comm'r*, 854 Fed. Appx. 311, 315 (11th Cir. 2021) (citing *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015)). 20 C.F.R. § 404.970(a)(5) provides that the Appeals Council will review a case at a party's request or on its own motion if the Appeals Council "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(b) further specifies that the Appeals Council will only consider additional evidence pursuant to paragraph (a)(5) if the social security claimant can show "good cause" as to why the claimant did not raise such evidence previously in the proceedings. "While the Appeals Council must adequately evaluate new evidence and 'apply the correct legal standards in performing

its duties,' it is not required 'to give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision.'" *Delgado Torres v. Comm'r of Soc. Sec.*, No. 20-1164, 2024 WL 5200474, at *5 (11th Cir. Dec. 23, 2024) (quoting *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)).

At this stage of the proceedings, this Court's role "is to determine whether the evidence submitted to the Appeals Coun[cil] is new, material, and chronologically relevant, and whether such evidence renders the denial of benefits erroneous." *Rodriguez-Serrano v. Comm'r of Soc. Sec.*, No. 6:25-cv-4-LHP, 2025 WL 2770859, at *3 (M.D. Fla. Sep. 6, 2025) (citing *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261–62 (11th Cir. 2007)). "'[E]vidence is considered material if there is a reasonable probability that it would change the administrative result.'" *Id.* (quoting *Chapman v. Comm'r, Soc. Sec. Admin.*, No. 22-13863, 2023 WL 8441514, at *2 (11th Cir. Dec. 5, 2023)). "'Evidence is chronologically relevant if it relates to the period before or on the date of the ALJ['s] decision.'" *Id.* (quoting *Chapman*, 2023 WL 8441514, at *2).

First, the Court finds that the Medical Source Statement provided by Dr. Christophi is "new, material, and relates to the period on or before the date of the hearing decision . . . ." 20 C.F.R. § 404.970(a)(5). To be sure, the Medical Source Statement was signed by Dr. Christophi on February 12, 2025, (Tr. 17), a little over one-and-a-half months after the ALJ had issued a decision in Plaintiff's case. (*See* Tr. 28–36). The contents of the Medical Source Statement, however, directly address Plaintiff's pertinent treatment period dating back to at least April 2022 and specifically pertain to Plaintiff's "severe ulcerative colitis"—the very condition upon which

Plaintiff's DIB application and the ALJ's decision were predicated. (*See* Tr. 30; 82; 192–96). The Court thus finds that Dr. Christophi's opinion relates to the period on or before the 2024 hearing.

In his brief, the Commissioner asserts that "the Appeals Council properly found that [Dr. Christophi's opinion] was not material because there was no reasonable probability that it would change the administrative result." (Doc. 16 at 9). Among other things, the Commissioner argues that the Medical Source Statement was immaterial because the limitations Dr. Christophi prescribes to Plaintiff are directly contradicted by Plaintiff's prior medical records, which were discussed by the ALJ at length. (*Id.*). To the extent such a discrepancy exists, however, the Court finds that it does not establish whether the Medical Source Statement constitutes material evidence; rather, any discrepancy between Dr. Christophi's medical opinion and Plaintiff's additional medical history of record is an evidentiary consideration for the ALJ to assess and weigh upon remand. *See Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) (noting that, in the context of a social security case, it is the role of the ALJ to "carefully weigh the evidence, giving individualized consideration to each claim that comes before him").

The Commissioner's argument that the Medical Source Statement is immaterial because Dr. Christophi's opinion is inherently contradicted by the findings of other "state agency medical consultants" is equally unpersuasive. (Doc. 11). In *Washington*, 806 F.3d at 1321–22, the Commissioner similarly argued that the opinions conveyed in a Mental Health Source Statement "could not have changed the result of the

administrative proceedings because [the] opinions are 'wholly inconsistent' with other evidence in the record," including the opinion proffered by another medical provider. The Eleventh Circuit found, however, that there existed a "reasonable possibility that a factfinder could credit" the opinions contained within the Mental Health Source Statement over the contradictory examination findings of record. *Id.* at 1322. The Eleventh Circuit thus "reverse[d] the district court's judgment and remand[ed] . . . for consideration of this evidence in conjunction with all the other evidence in the record." *Id.* at 1323. This Court similarly concludes that the existence of competing medical opinions does not render Dr. Christophi's Medical Source Statement inherently immaterial to Plaintiff's claim. There exists a "real possibility" that Dr. Christophi's opinion would change the outcome of the ALJ's decision. 20 C.F.R. § 404.970(a)(5).

In adjudicating Plaintiff's DIB application, the ALJ explicitly considered the opinions proffered by several "State agency medical consultants," who found Plaintiff to be "limited to a full range of medium work, with no postural, manipulative or environmental limitations." (Tr. 34). The ALJ found such opinions to be "somewhat persuasive," additionally determining that any "[g]reater limitation than th[at] assessed" by the ALJ was "not supported by the medical evidence of record which reflects that [Plaintiff] consistently described her ulcerative colitis symptoms as mild, and in remission in recent records." (*Id.*). The ALJ also concluded that Plaintiff's symptoms "were controlled with prescribed medication and dietary modifications," and that "the objective medical findings contained in [Plaintiff's] medical records do not support a finding that [she] is unable to engage in work activity due to her physical

impairments either taken individually or in combination." (*Id.*). The information contained within Dr. Christophi's Medical Source Statement, however, may have reasonably led the ALJ to a different result. Of particular note, the Medical Source Statement indicates that: (1) Plaintiff's "impairments" had lasted or could be expected to last at least twelve months; (2) Plaintiff was unable to sit, stand, or walk for an extended period exceeding two hours at a time; (3) Plaintiff needed to "lie down or rest" from between three to four hours per day during any "flare up" of her condition; (4) Plaintiff would need to go to the bathroom between three to four times each day for thirty to sixty minutes at a time; (5) Plaintiff was likely to be "off task" during a normal work day twenty-five percent or more of the time; (6) stress could cause Plaintiff's condition to worsen if called upon to do anything more than "low stress work;" and (7) Plaintiff was likely to be absent from work "[m]ore than four days per month" in a typical month. (Tr. 14–17). While offering no opinion as to whether this additional information should lead to any particular outcome in Plaintiff's case, the Court finds that the information contained within the Medical Source Statement has a reasonable probability of leading to a different outcome. *See* 20 C.F.R. § 404.970(a)(5); *Rodriguez*, 2025 WL 2770859, at *3.

For example, in her brief, (*see* Doc. 13 at 16), Plaintiff references SSR 83-10, which specifies that a job falls under the category of "light work" when "it requires a good deal of walking or standing – the primary difference between sedentary and most light jobs." A job also constitutes light work "when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require

greater exertion than in sedentary work." *Id.* As noted above, the Medical Source Statement of Dr. Christophi significantly calls into question Plaintiff's ability to walk, stand, or sit for extended periods of time due to her various ailments. (Tr. 15). Were such a medical opinion to be credited by the ALJ, it is not unreasonable to assume that the ALJ could arrive at the determination that Plaintiff is not able to perform light work, leading to a different outcome in Plaintiff's case.

Additionally, although a vocational expert testified before the ALJ that employers generally tolerate off-task behavior of up to approximately 10% of the workday (*see* Tr. 58), the Medical Source Statement indicates that Plaintiff would likely be off task for at least 25% of the workday. (*See* Tr. 16). This substantially greater degree of anticipated off-task behavior therefore could have materially affected the ALJ's determination and resulted in a different outcome in Plaintiff's case.

## V. Conclusion

Upon consideration of the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings consistent with the findings of this Order;

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on November 19, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties